IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SCOTT RIGSBY and THE )
SCOTT RIGSBY )
FOUNDATION, INC., )     CIVIL ACTION
 )
 )     FILE NO.
Plaintiffs, )
 )
v. )
GODADDY INC., )
GODADDY.COM, LLC, )
GODADDY OPERATING )
COMPANY, LLC, and
DESERT NEWCO, LLC.

Defendants.

**VERIFIED COMPLAINT**

COMES NOW Scott Rigsby and The Scott Rigsby Foundation, Inc. plaintiffs in the above styled action, and for their complaint against the Defendants state the following:

1.

Plaintiffs are residents of Cobb County, Georgia who are being irreparably harmed by Defendants' allowing some other person or entity to hijack the domain name scottrigsbyfoundation.org. This other person or entity has changed the

1 | Page

website using the scottrigsbyfoundation.org domain name into an online gambling site, whereas before the site for which the domain was being used was obviously the site of The Scott Rigsby Foundation, Inc., a charitable foundation organized as a Georgia non-profit corporation by Scott Rigsby, the purpose of which was to raise money for wounded warriors, amputees and persons with disabilities who needed assistance of all kinds that the Foundation could provide through third parties.

2.

Scott Rigsby, a native of Camilla, Georgia, had his life forever changed at eighteen years of age, in 1998, when he was riding in the back of a pickup truck, a part of a lawn maintenance crew, that was towing a three-ton trailer. An eighteen-wheeler clipped the trailer from behind at relatively high speed. Rigsby was thrown out of the truck and dragged down the road for 324 feet (slightly longer than a football field) before his situation got even worse and he was pinned under the trailer. Miraculously, he survived the crash. The medical care he needed as a result of the accident spanned over 12 years including 26 surgeries, including one immediately after the accident to amputate one of his legs, and another much later when the other leg was amputated.

3.

Rigsby was eventually fitted with prosthetic legs at the end of 1999, with a prognosis that it would take him more than a year to learn to walk again, and that it was quite doubtful he would ever run again. Nonetheless, Rigsby eventually developed the goal of competing in the Iron Man Triathalon. On October 13, 2007, he became the first double-leg amputee using prosthetics to complete this most grueling event. He followed this amazing performance with many other competitions, and as a result became a professional motivational speaker as well as a Certified counselor and an advocate for people with disabilities. His work included creating the Scott Rigsby Foundation on March 21, 2007, and using it to raise money to help disabled vets, as well as other people with disabilities. The Foundation also helped promote Rigsby's career as a motivational speaker, as his having a specific cause he could use to frame his connection with the audience enhanced his marketability as a speaker.

4.

Scott Rigsby secured the domain name scottrigsbyfoundation.org around 2007 from GoDaddy.com. GoDaddy.com had been started in 1997 with a generally straightforward corporate structure. However, in 2014, after losing nearly 200 million dollars in 2013, GoDaddy sought to raise $100 million in an initial public offering by selling Class A shares in a newly formed corporation without any material assets or a history of engaging in business activities. The prospectus for

this offering revealed that Desert Newco, LLC was the company through which GoDaddy Inc. conducted its business. The GoDaddy Inc. entity became the sole managing member of Desert Newco, LLC, meaning that GoDaddy Inc. controlled Desert Newco, LLC. The owners of Desert Newco, LLC were the founder of GoDaddy, Bob Parsons, and multiple investment firms like KKR, Blackrock, etc.

5.

In the prospectus mentioned above, GoDaddy Inc. stated it had 12 million customers, and announced that it was a leading technology provider to small businesses. GoDaddy differentiated itself by stating that it delivered simple, easy to use cloud-based products and outcome-driven personalized customer care—" (unlike other technology companies) GoDaddy strive(s) to deliver both great technology and great support to its customers." This suit has been filed because Defendants have failed miserably to provide any support whatsoever to The Scott Rigsby Foundation, Inc, and Scott Rigsby, much less great support, and GoDaddy's failure to provide support has caused incalculable damage to Plaintiffs.

6.

Weaving through the corporate maze which is GoDaddy on the internet, Plaintiff and his counsel believe they have identified the proper entity Defendants for this action. They are GODADDY INC., GODADDY.COM, LLC, GODADDY

OPERATING COMPANY, LLC, and DESERT NEWCO, LLC. All four of these entities were formed in Delaware. GoDaddy.com, LLC obtained a Certificate of Authority to transact business in Georgia on August 17, 2016. Its registered agent is Corporation Service Company, 40 Technology Parkway South, #300, Norcross GA 30092. GoDaddy Inc., a Delaware Corporation, has as its registered agent in Delaware, Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808. Go Daddy Operating Company, LLC is a Delaware Limited Liability Company and its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808. Desert Newco, LLC is a Delaware Limited Liability Company and its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.

7.

All the Defendants are subject to the jurisdiction of this Court. GoDaddy.com, LLC is subject to the jurisdiction of this court because it is registered to do business in Georgia. The other defendants, being "Nonresidents" because they are not currently authorized to transact business in this state, and because they were not authorized to do business in this state at the time that the causes of action in this case arose, are subject to the Court's jurisdiction pursuant to O.C.G.A. 9-10-91 because each of those entities' email contacts with Georgia, their interactive websites through they conducted business with Georgia customers

physically located in Georgia, and their interactions by telephone with Georgia customers physically located in Georgia, taken together, establish that they were transacting business in Georgia pursuant to O.C.G.A. 9-10-91, as well as soliciting business in Georgia, engaging in a persistent course of conduct in connection with their activities so as to develop a presence in the state of Georgia, and derived substantial revenue from services rendered to administrators of websites physically located in Georgia. They also caused a tortious injury to Plaintiffs the consequences of which were felt in this state.

8.

GoDaddy Inc. in the prospectus touted as of December 31, 2013 managing 57 million domains worldwide, having as of March 31, 2014 having 840 engineers, 127 issued patents, and 176 pending patent applications in the United States, and being one of the most recognized technology brands in the United States. In its Second Quarter 2019 Earnings Results News Release, GoDaddy Inc. reported almost 19 million customers, and domains revenue of $334.4 million for the quarter, confirmations of its ever-expanding country-wide and worldwide presence. In light of these facts, all of the GoDaddy entities had to be aware that they could be sued, because of their overwhelming presence throughout the United States, and certainly in the State of Georgia considering the vast business activities and use of websites in the Atlanta area, and the massive use of GoDaddy domain

names in Georgia. The Court's assertion of jurisdiction over Defendants under the circumstances is not random, fortuitous or attenuated. Rather it was clearly predictable when Defendants began offering domain names to Georgia customers and selling domain names to Georgia customers on a gargantuan scale. This suit arises specifically out of a domain name Plaintiffs bought from GoDaddy.

8.

This case involves a federal question, and it is also between citizens of different states, with the amount in controversy in excess of $75,000, so that the Court has subject matter jurisdiction over this case additionally under 28 U.S.C. 1332.

9.

Venue in this Court is proper under 28 U.S.C. 1391 in that GoDaddy.com, LLC is a resident of Georgia and is subject to personal jurisdiction in this court, a substantial portion of the transactions and events underlying this action concerning all Defendants occurred in this District, and all Defendants are subject to jurisdiction in this Court.

10.

As stated above, Scott Rigsby obtained the website domain name scottrigsbyfoundation.org in 2007. He paid for the domain name through the first portion of 2018, but there was a glitch in GoDaddy.com's billing to Rigsby in the

spring of 2018. Rigsby did not timely receive a bill for the cost of maintaining the domain name for the site from GoDaddy. Because he did not timely receive a bill from GoDaddy, Rigsby did not pay for the cost of maintaining the domain name by the deadline GoDaddy imposed. When he did not pay, GoDaddy did not alert Rigsby that he had not paid, or that their policy was that absent payment anybody could take the domain name scottrigsbyfoundation.org as long as they paid GoDaddy's price.

11.

In fact, GoDaddy.com let some other person or entity register the domain name scottrigsbyfoundation.org and take control over the website content on the website for the Scott Rigsby Foundation, in the late spring of 2018. Since then, Rigsby first himself, and then through counsel has attempted to obtain GoDaddy's agreement to terminate the registration of the domain name the hijacker registered, even though when GoDaddy allowed the hijacker to register the domain name, the hijacker had given false information, the hijacker was not making the application for the name in good faith, and the hijacker did not meet the eligibility criteria to register the name. The purported Domain Name Registration Agreement, which was an illusory contract therefore unenforceable because GoDaddy reserved the right in its sole and absolute discretion to change or modify the agreement at any time, was not an effective agreement. Yet, GoDaddy in its document still

acknowledged that there were situations in which the applicant should not be allowed to register the name. Such a situation was present in this case.

12.

There are many unconscionable provisions in the purported Domain Registration Agreement that would invalidate it if Defendants tried to apply it to Rigsby. In addition, the way GoDaddy.com tried to make electronic signing effective to consummate the agreement, or to make the agreement by use of the site effective, violated the Uniform Electronic Transactions Act, O.C.G.A. 10-13-1, particularly O.C.G.A 10-13-5, which requires a separate document by which the parties agree to make agreements electronically. There is an actual case or controversy as to the enforceability of the purported Domain Registration Agreement.

13.

In addition, there is an actual case or controversy as to Defendants' refusal to terminate the use of the domain name scottrigsbyfoundation.org and Plaintiffs' counter demand that that they do so and allow Scott Rigsby to re-register the name.

## **COUNT ONE**

14.

The allegations of paragraphs 1-13 of this Verified Complaint are hereby incorporated by reference.

15.

The Uniform Deceptive Trade Practices Act, O.C.G.A. 10-1-370 et seq., allows persons (defined to include both individuals and entities) likely to be damaged by a deceptive trade practice of another to obtain an injunction against that other party under the principles of equity and on terms that the court deems reasonable. Proof of monetary damage, loss of profits, or intent to deceive is not required. Further, to prevail, Plaintiffs need not show competition between it and Defendants or the hijacker. Actual confusion or misunderstanding is not required for the Plaintiffs to obtain injunctive relief.

16.

O.C.G.A. 10-1-372 states what constitutes engaging in a deceptive trade practice. There is a dragnet section (a)(12) in the statute that says it covers any conduct which creates a likelihood of confusion or of misunderstanding. Here, not only have the Defendants generally caused confusion and misunderstanding as to the activities of motivational speaker Scott Rigsby, Defendants have specifically violated the first three subsections of the statute:

1. Defendants have passed the services of The Scott Rigsby Foundation as the services of the hijacker.

2. Defendants have caused and are causing likelihood of confusion or of misunderstanding as to the source, sponsorship, and approval of the online

gambling services, creating the impression the charitable entity The Scott Rigsby Foundation is providing online betting services.

3. Defendants are causing likelihood of confusion or of misunderstanding as to The Scott Rigsby Foundation's association or connection with the hijacker's promotion of online gambling activities.

17.

Accordingly, Plaintiffs are entitled to an injunction forbidding Defendants from the time of the entry of the injunction from passing off the services of The Scott Rigsby Foundation as the services of the hijacker, causing likelihood of confusion or of misunderstanding as to the source, sponsorship, and approval of the online gambling services presently offered at scottrigsbyfoundation.org, and forbidding Defendants from the time of the entry of the injunction from creating the impression the charitable entity The Scott Rigsby Foundation is providing online betting services, and from causing likelihood of confusion or of misunderstanding as to The Scott Rigsby Foundation's association or connection with the hijacker. To accomplish the aim of the injunction, Plaintiffs are also entitled to an injunction forbidding Defendants from letting the hijacker or anyone else other than The Scott Rigsby Foundation, Inc. register the domain name scottrigsbyfoundation.org., and compelling Defendants to allow The Scott Rigsby Foundation Inc. to once again use the domain name scottrigsbyfoundation.org.

## COUNT TWO

18.

The allegations of paragraphs 1-16 of this Verified Complaint are hereby incorporated by reference.

19.

15 U.S.C. 1125(a) authorizes a civil action against Defendants, and declares the Defendants shall be liable in that civil action, for using in connection with any services in commerce, any word, term, name or combination thereof; or false or misleading description of fact; or false or misleading representation of fact;

Under subsection (A), which is likely to cause confusion or to cause mistake, or to deceive as to the origin, sponsorship or approval of his services or commercial activities by another person; and

Under subsection (B), in commercial advertising or promotion(which websites are as a practical matter), which misrepresents the characteristics of another person's services or commercial activities.

20.

Currently, Defendants control the domain name scottrigsbyfoundation.org and they are knowingly providing the use of the domain name in a way which deceives as to whether Scott Rigsby and his Foundation sponsor or approve of, or

actually offer as a part of their commercial activities, online betting services. In addition, Defendants, who publicly state they are engaged in the commercial advertising and promotion business, are misrepresenting the characteristics of the Foundation's services. But for GoDaddy's hosting activities, the online betting service's hijacking activities could never be seen.

21.

Presently confusion reigns, confusion Defendants have created and allowed and which has stopped the activities of the Scott Rigsby Foundation in its tracks. Scott Rigsby the individual, has suffered grievous losses to his speaking career because of the taint the connection to the online betting site has put on his name and his Foundation. He cannot fundraise for the Foundation at this time as he needs to protect his donors from association with online gambling. The Foundation cannot operate with its domain hijacked.

22.

As a result of the foregoing, Defendants are liable in this action to Plaintiffs under 15 U.S.C. 1125 for damages to be determined in the enlightened conscience of the jury, and Plaintiffs are entitled to a judgment against Defendants in that amount.

## COUNT THREE

23.

The allegations of paragraphs 1-22 of this Verified Complaint are hereby incorporated by reference.

24.

There is an actual case or controversy between the parties regarding whether the purported Domain Registration Agreement is an enforceable contract given the failure to comply with O.C.G.A. 10-13-5, the fact that it is illusory in that Defendants can change it at any time, and the fact that it is unconscionable.

23.

In addition, there is an actual case or controversy as to Defendants' refusal to terminate the use of the domain name scottrigsbyfoundation.org and Plaintiffs' counter demand that that they do so and allow Scott Rigsby to re-register the name.

24.

Plaintiffs are entitled under 28 U.S.C. 2201 to a declaratory judgment that the purported Domain Registration Agreement is unenforceable against Plaintiffs, and that Defendants cannot allow the hijacker from the date of the declaratory judgment forward allow the hijacker to use the domain name scottrigsbyfoundation.org., and that The Scott Rigsby Foundation Inc. is the proper owner of the domain name scottrigsbyfoundation.org, so that Defendants must allow Plaintiffs to use that domain name.

**WHEREFORE,** Plaintiffs respectfully pray that

(1) they be granted an injunction forbidding Defendants from the time of the entry of the injunction from passing the services of The Scott Rigsby Foundation as the services of the hijacker, causing likelihood of confusion or of misunderstanding as to the source, sponsorship, and approval of the online gambling services presently offered at scottrigsbyfoundation.org, and forbidding Defendants from the time of the entry of the injunction from creating the impression the charitable entity The Scott Rigsby Foundation is providing online betting services, and from causing likelihood of confusion or of misunderstanding as to The Scott Rigsby Foundation's association or connection with the hijacker, to an injunction forbidding Defendants from letting the hijacker or anyone else other than The Scott Rigsby Foundation, Inc. register the domain name scottrigsbyfoundation.org.

(2) they be granted a judgment against Defendants under 15 U.S.C. 1125 for damages determined in the enlightened conscience of the jury.

(3) they be granted a declaratory judgment against Defendants under 28 U.S.C. 2201 declaring that the purported Domain Registration Agreement is unenforceable against Plaintiffs, and that Defendants cannot allow the hijacker from the date of the declaratory judgment forward allow the hijacker to use the domain name scottrigsbyfoundation.org. and that The Scott Rigsby Foundation

Inc. is the proper owner of the domain name scottrigsbyfoundation.org, so that Defendants must allow Plaintiffs to use that domain name.

(3) That the costs of this action and reasonable attorneys' fees incurred by Plaintiffs in obtaining relief under O.C.G.A. 10-1-370 et seq. be awarded to Plaintiffs, and that judgment be entered for Plaintiffs against Defendants for same in an amount to be determined in the reasonable conscience of the jury.

(4) That Plaintiffs be awarded such other and further relief to Plaintiff as the Court deems proper.

Respectfully submitted this 25th day of August, 2019.

**DALZIEL LAW FIRM**
*s/Charles M. Dalziel, Jr*
Charles M. Dalziel, Jr.
Georgia Bar No. 203730
127 Church Street Suite 360
Marietta, Georgia 30060
Telephone: 404-735-0438
Chuck@dalziellawfirm.com

Mailing Address P.O. Box 725309 Atlanta GA 31139

Mailing Address P.O. Box 725309 Atlanta GA 31139
**CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 7.1, N.D.Ga., the undersigned counsel certifies that this brief was prepared with Times New Roman (14 point) one of the font selections approved by the Court in Local Rule 5.1B N.D.Ga.

*s/Charles M. Dalziel, Jr.*

Charles M. Dalziel, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SCOTT RIGSBY and THE SCOTT RIGSBY FOUNDATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GODADDY INC., GODADDY.COM, LLC, GODADDY OPERATING COMPANY, LLC, and DESERT NEWCO, LLC. <br><br> Defendants. | CIVIL ACTION <br><br> FILE NO. |

## VERIFICATION

Personally appeared before the undersigned notary public, Scott Rigsby, who being first duly sworn deposes and says that I am over eighteen years of age, that I am under no mental disability, that I am the CEO of The Scott Rigsby Foundation, Inc., that I am authorized to make this verification on behalf of the Foundation as well as in my personal capacity, and that the facts stated in the foregoing Verified Complaint are true and correct.

*Scott Rigsby*

Scott Rigsby,
Individually and on
behalf of
The Scott
RigsbyFoundation,Inc.

Sworn to and subscribed before me
this 21st day of August, 2019

*Charles M Dalziel*

Notary Public/ My Commission Expires: 9/29/2021

OFFICIAL SEAL
CHARLES M DALZIEL JR
Notary Public, Georgia
COBB COUNTY
My Commission Expires
September 29, 2021